# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| CERAMEDIC LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>SMITH & NEPHEW, INC.,<br><br>        Defendants. | Civil Action No. _____<br><br>**JURY DEMAND** |

## COMPLAINT

CeraMedic LLC ("CeraMedic") hereby asserts claims of patent infringement against Smith & Nephew, Inc. ("Smith & Nephew"), and alleges as follows:

## THE PARTIES

1. CeraMedic is a Florida limited liability company having a place of business at 2400 Dallas Parkway, Suite 200, Plano, TX 75093.

2. On information and belief, Smith & Nephew is a Delaware corporation with its principal place of business at 1450 Brooks Road, Memphis, TN 38116.

## PATENT-IN-SUIT

3. U.S. Patent No. 6,066,584 ("the '584 patent"), entitled "Sintered $AL_2O_3$ Material, Process for Its Production and Use of the Material" was lawfully issued on May 23, 2000, with the original assignee Fraunhofer-Gesellschaft zur Förderung der Angewandten Forschung e.V., Germany ("Fraunhofer"). CeraMedic is the owner, through assignment, of the title, interest, and rights to enforce and collect damages for all past, present, and future infringements of the '584

patent by the accused products and the use thereof.  A copy of the '584 patent is attached as Exhibit A.

## BACKGROUND

4. Fraunhofer is Europe's largest application-oriented research organization. Its research efforts are geared entirely to people's needs: health, security, communication, energy and the environment.  As a result, the work undertaken by its researchers and developers has a significant impact on people's lives.  Fraunhofer was honored by Thomson Reuters as one of the Top 100 Global Innovators in 2013.

5. Fraunhofer is the assignee of over 1,500 U.S. patents and was the original assignee of the '584 patent.  In early 2014, Fraunhofer assigned ownership of the '584 patent to CeraMedic.

6. The '584 patent relates to the field of ceramics and concerns sintered $Al_2O_3$ compositions and methods for the use of such material as medical implants or tool material.

7. On information and belief, CeramTec GmbH ("CeramTec") developed and manufactures BIOLOX® Delta, an aluminum oxide matrix composite ceramic comprising approximately 82% alumina ($Al_2O_3$), 17% zirconia ($ZrO_2$), and other trace elements.

8. BIOLOX® Delta is incorporated into Smith & Nephew products, such as Smith & Nephew BIOLOX® Delta Ceramic Femoral Heads.

9. Smith & Nephew BIOLOX® Delta Ceramic Femoral Heads can be used in conjunction with compatible Smith & Nephew acetabular and femoral stem components for primary and revision total hip arthroplasty, including at least the SMF™ Short Modular Femoral Hip System, the R3™ Acetabular System, the POLARCUP™ Dual Mobility Hip System, the Redapt Revision Femoral System, and the Anthology™ Primary Hip System.

10. On information and belief, Smith & Nephew is knowledgeable about the science behind BIOLOX® Delta material, including its composition, performance characteristics, and manufacture.

11. On information and belief, Smith & Nephew designs, develops, manufactures, offers for sale, sells, uses, distributes, and markets hip implants, many of which include Smith & Nephew BIOLOX® Delta Ceramic Femoral Heads. Such hip implants include at least the SMF™ Short Modular Femoral Hip System, the R3™ Acetabular System, the POLARCUP™ Dual Mobility Hip System, and the Anthology™ Primary Hip System.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq*.

13. This Court has personal jurisdiction over Smith & Nephew because, among other things, Smith & Nephew's headquarters are located in Memphis, Tennessee, and because, on information and belief, Smith & Nephew engages in substantial and ongoing business in this District.

14. On information and belief, Smith & Nephew offers to sell, sells, and distributes its Smith & Nephew BIOLOX® Delta Ceramic Femoral Heads, which infringe the '584 patent, to healthcare institutions and/or medical professionals within this District.

15. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b) and in this division pursuant to 28 U.S.C. § 123 and W.D. Tenn. L.R. 3.3(b)(1) and (4).

## COUNT I – INFRINGEMENT OF THE '584 PATENT

16. CeraMedic realleges and incorporates by reference each of the preceding paragraphs.

17. On information and belief, Smith & Nephew, directly or through the actions of its employees, divisions, and/or subsidiaries, has infringed and continues to infringe the '584 patent directly, literally, and/or by equivalents.

18. On information and belief, Smith & Nephew has infringed and continues to infringe the '584 patent literally and/or by equivalents under 35 U.S.C. § 271(a) by, among other things, importing BIOLOX® Delta ceramics, and making, using, offering for sale, and selling Smith & Nephew BIOLOX® Delta Ceramic Femoral Heads and/or other products that include BIOLOX® Delta, individually and/or as part of hip replacement products.

19. On information and belief, Smith & Nephew has infringed and continues to infringe the '584 patent literally and/or by equivalents under 35 U.S.C. § 271(g) by, among other things, importing BIOLOX® Delta ceramics manufactured by CeramTec outside of the United States, which manufacture by CeramTec would infringe the '584 patent if it occurred in the United States.

20. On information and belief, Smith & Nephew has infringed and continues to infringe the '584 patent literally and/or by equivalents under 35 U.S.C. § 271(g) by, among other things, using, offering for sale, and selling Smith & Nephew BIOLOX® Delta Ceramic Femoral Heads and/or other products that include BIOLOX® Delta, individually and/or as part of hip replacement products, which products include BIOLOX® Delta manufactured by CeramTec outside of the United States, which manufacture by CeramTec would infringe the '584 patent if it occurred in the United States.

21. On information and belief, at least as of the filing of this Complaint, because Smith & Nephew knew of the '584 patent and knew of the science behind BIOLOX® Delta, including its manufacture, Smith & Nephew has ignored and/or disregarded that Smith & Nephew's actions constituted infringement of a valid patent and Smith & Nephew continues to ignore and/or disregard an objectively high risk that Smith & Nephew's actions constitute infringement of a valid patent.

22. On information and belief, at least as of the filing of this Complaint, Smith & Nephew's infringement of the '584 patent is and has been willful and deliberate, and, further, Smith & Nephew's continued infringement after the filing of this Complaint shall constitute willful and deliberate infringement of the '584 patent.

## DAMAGES AND RELIEF

23. As a consequence of Smith & Nephew's infringement of the '584 patent, CeraMedic has been damaged in an amount not yet determined and will suffer additional irreparable damage unless Smith & Nephew's infringing acts are enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, CeraMedic respectfully requests that the Court enter judgment against Smith & Nephew:

A. Determining that Smith & Nephew has infringed and continues to infringe one or more claims of the '584 patent;

B. Preliminarily and permanently enjoining Smith & Nephew, its respective officers, agents, servants, directors, employees, and attorneys, and all persons acting in concert or participation with it, directly or indirectly, or any of them who receive actual notice of the judgment, from further infringing the '584 patent;

C. Ordering Smith & Nephew to account for and pay to CeraMedic all damages suffered by CeraMedic as a consequence of Smith & Nephew's infringement of the '584 patent, together with all pre-judgment and post-judgment interest and costs as fixed by the Court;

D. Trebling or otherwise increasing CeraMedic's damages under 35 U.S.C. § 284 on the grounds that Smith & Nephew's infringement of the '584 patent was deliberate and willful;

E. Declaring that this case is exceptional and awarding CeraMedic its costs and reasonable attorneys' fees in accordance with 35 U.S.C. § 285; and

F. Granting CeraMedic such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, CeraMedic hereby requests a trial by jury for all issues so triable.

Dated: July 23, 2014　　　　　　　　　By:　s/ Adam S. Baldridge
　　　　　　　　　　　　　　　　　　　　　Adam S. Baldridge  (TN BPR No. 023488)
　　　　　　　　　　　　　　　　　　　　　BAKER, DONELSON, BEARMAN,
　　　　　　　　　　　　　　　　　　　　　CALDWELL & BERKOWITZ, PC
　　　　　　　　　　　　　　　　　　　　　165 Madison Avenue
　　　　　　　　　　　　　　　　　　　　　Suite 2000
　　　　　　　　　　　　　　　　　　　　　Memphis, TN 38103
　　　　　　　　　　　　　　　　　　　　　Telephone: (901) 577-2102
　　　　　　　　　　　　　　　　　　　　　Facsimile: (901) 577-0838
　　　　　　　　　　　　　　　　　　　　　Email: abaldridge@bakerdonelson.com

　　　　　　　　　　　　　　　　　　　　　*Attorneys for CeraMedic LLC*

*Of Counsel:*

John M. Desmarais
Email: jdesmarais@desmaraisllp.com
Laurie Stempler
Email: lstempler@desmaraisllp.com
Kevin K. McNish
Email: kmcnish@desmaraisllp.com
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Telephone: (212)-351-3400
Facsimile: (212)-351-3401